

**CORPORATION SERVICE COMPANY®**

## Notice of Service of Process

**null / ALL**
**Transmittal Number: 14790649**
**Date Processed: 02/12/2016**

| Primary Contact: | Bruce Buttaro |
| --- | --- |
| | Liberty Mutual Insurance Company |
| | 175 Berkeley Street |
| | Boston, MA 02117 |

| | |
| --- | --- |
| **Entity:** | Liberty Mutual Insurance Company |
| | Entity ID Number  1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Julio Santiago vs. Liberty Mutual Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, Texas |
| **Case/Reference No:** | 201603743 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 02/12/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Bryant Fitts |
| | 713-871-1670 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



EXHIBIT

1

*Received 2-11-16 @ 12:00pm*   *Delivered 2-12-16 @ 2:45pm*

CAUSE NO.   201603743

RECEIPT NO.                    0.00      ATY
                ***********              TR # 73211179

PLAINTIFF: SANTIAGO, JULIO                          In The   127th
            vs.                                     Judicial District Court
DEFENDANT: LIBERTY MUTUAL INSURANCE COMPANY         of Harris County, Texas
                                                    127TH DISTRICT COURT
                                                    Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: LIBERTY MUTUAL INSURANCE COMPANY MAY BE SERVED THROUGH THE REGISTERED
    AGENT CORPORATION SERVICE COMPANY
    211  EAST 7TH STREET SUITE 620   HOUSTON  TX  78701 - 3218.
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY

This instrument was filed on the 21st day of January, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 29th day of January, 2016, under my hand and
seal of said Court.

Issued at request of:                          CHRIS DANIEL, District Clerk
DELPIT, CARLA R                                Harris County, Texas
2700  POST OAK BLVD SUITE 1120                 201 Caroline, Houston, Texas 77002
HOUSTON, TX  77056                             (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 871-1670
Bar No.: 24082183                              Generated By: MOMON, RHONDA MICHELLE
                                               HWP//10290758

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____                        _____

                                     _____ of _____County, Texas

_____            By _____
       Affiant                                    Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                            _____
                                                    Notary Public

N.INT.CITR.P                    *73211179*

1/21/2016 9:58:32 AM
Chris Daniel - District Clerk Harris County
Envelope No. 8715217
By: Ariana Garibay
Filed: 1/21/2016 9:58:32 AM

NO. _____

| | | |
|---|---|---|
| JULIO SANTIAGO AND PATRICIA DOUGLAS | § | IN THE DISTRICT COURT |
|     Plaintiffs, | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| LIBERTY MUTUAL INSURANCE COMPANY and STEPHEN LAWRENCE BELL, | § | |
|     Defendants. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND
## INITIAL WRITTEN DISCOVERY REQUESTS

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs, Julio Santiago and Patricia Douglas, file this Original Petition and Initial Written Discovery Requests, complaining of the acts and omissions of Defendants, Liberty Mutual Insurance Company, and Stephen Lawrence Bell and, in support, respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    This case is intended to be governed by Discovery Level 2.

### II.
### PARTIES & SERVICE

2.    Julio Santiago and Patricia Douglas ("Plaintiffs") reside in Harris County, Texas.

3.    Defendant Liberty Mutual Insurance Company ("LIBERTY MUTUAL") is an insurance company doing business in Texas and it may be served with process through the Registered Agent, Corporation Service Company, 211 East 7th Street Suite 620, Austin Texas 78701 - 3218.

4.     Defendant, Stephen Lawrence Bell ("Bell"), is an individual who assisted with adjusting the claim at issue and is a resident of the State of Texas. This Defendant may be served with process at 16431 Pemcanyon, San Antonio, Texas 78240 or wherever he may be found.

### III.
### JURISDICTION & VENUE

5.     This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.     Plaintiffs prefer to have the jury determine the fair amount of compensation for Plaintiffs' damages, it is early in the case to be assessing the full nature and scope of Plaintiffs' damages, and Plaintiffs place the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiffs to provide a statement regarding the amount of monetary relief sought. Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief between $100,000.00 and $500,000.00.

7.     Venue is proper in Harris County, Texas because the insured property is situated in Harris County, Texas and/or the contract was signed in Harris County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002.

### IV.
### FACTS

8.     Plaintiffs are named insured under a property insurance policy (the "Policy") issued by LIBERTY MUTUAL. The Policy insures, among other things, against losses from wind and hail damage to Plaintiff's property, namely, the real property and improvements located at 1900 Shadylane, Richmond, TX 77469 (the "Property").

PLAINTIFF'S ORIGINAL PETITION                                                                 PAGE 2

9.      On or about March 26, 2014, Plaintiffs found moisture in the interior of her home that was coming from the roof.

10.     Shortly after discovering the water damage, on or about March 26, 2014, Plaintiffs contacted LIBERTY MUTUAL by telephone to notify LIBERTY MUTUAL of the damage. Plaintiffs submitted a claim to LIBERTY MUTUAL against the Policy for all roof damage, structural damage, water damage, and wind damage the Property sustained as a result of the storm. Although the date of the loss on the claim is March 26, 2014, Plaintiff has learned that on or about October 26, 2013 or October 31, 2013, during the policy period, there had been storms that caused covered damage to the Subject Property.  Specifically, the storm damaged Plaintiffs' roof, gutter, and fence.

11.     Plaintiffs asked LIBERTY MUTUAL to honor its contractual obligations and cover the cost of repairs to Plaintiffs' home.

12.     LIBERTY MUTUAL assigned Defendant Bell to adjust the Claim.  Defendants LIBERTY MUTUAL and Bell conducted a substandard investigation of Plaintiffs' claim, failed to thoroughly investigate Plaintiffs' losses, and spent an inadequate amount of time on the investigation, no more than 30 minutes.  He failed to fully inspect all damaged areas of Plaintiffs' home.

13.     Despite obvious visible wind damage to Plaintiffs' gutter, fence, kitchen, dining room, living room ceiling, garage door, and multiple indentations in the roof caused by wind and hail, Bell, on his own behalf and on behalf of LIBERTY MUTUAL, verbally misrepresented to the Plaintiffs at the time of the inspection that there was no wind or hail damage to their roof and that the interior damage was from smoke.  Bell then misrepresented, again on his own behalf and

on behalf of LIBERTY MUTUAL in a letter to Plaintiffs dated March 30, 2014 that Plaintiffs' home had sustained no damage.

14.     Together, Defendants LIBERTY MUTUAL and Bell set out to deny properly covered damages by performing a results-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

15.     Defendant LIBERTY MUTUAL failed to perform its contractual obligation to adequately compensate Plaintiffs under the terms of the Policy.  All conditions precedent to recovery upon the Policy have been performed by Plaintiffs.  LIBERTY MUTUAL's conduct constitutes a breach of the insurance contract between LIBERTY MUTUAL and Plaintiffs.

16.     Even though Plaintiffs' home sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiffs that the Policy did provide coverage for some of the damage, thus falsely claiming Plaintiffs' home had not been damaged.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

17.     Defendants failed to make an attempt to settle Plaintiffs claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

18.     Defendants refused to adequately compensate Plaintiffs under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim.  This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

19.     Defendants failed to provide Plaintiffs with a reasonable explanation for the denial of their claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20.     Defendant LIBERTY MUTUAL failed to timely acknowledge Plaintiffs' claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

21.     Defendant LIBERTY MUTUAL failed to accept Plaintiffs' full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

22.     Defendant LIBERTY MUTUAL has delayed payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received any payment for their claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

23.     Since the time Plaintiffs' claim was presented to Defendant LIBERTY MUTUAL, the liability of LIBERTY MUTUAL to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, LIBERTY MUTUAL has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of LIBERTY MUTUAL's duty of good faith and fair dealing.

24.     All Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, all Defendants knowingly concealed all or part of material information from Plaintiffs.

25.     To date, Plaintiffs have yet to receive full payment for the damages to which Plaintiffs are entitled under the Policy.   Plaintiffs have suffered damages as a result of the Defendants' actions described above.  The mishandling of Plaintiffs' claim also caused a delay in Plaintiffs' ability to fully repair the Property, resulting in additional damages.

## V.
## CAUSES OF ACTION

**A.     Breach of Contract (Against LIBERTY MUTUAL)**

26.     Defendant LIBERTY MUTUAL had a contract of insurance with Plaintiffs. Plaintiffs met or performed all conditions precedent under the contract.   LIBERTY MUTUAL breached the terms of that contract by wrongfully denying the claim and Plaintiffs were damaged thereby.

27.     Defendant LIBERTY MUTUAL is therefore liable to Plaintiffs for breach of contract.

**B.     Prompt Payment of Claims Statute (Against LIBERTY MUTUAL)**

28.     The Claim is a claim under an insurance policy with Defendant LIBERTY MUTUAL, of which Plaintiffs gave LIBERTY MUTUAL proper notice, causing LIBERTY MUTUAL to be liable for the Claim.

29.     Defendant LIBERTY MUTUAL violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 *et seq.*, by:

      a.   Failing to acknowledge or investigate the claim or to request from Plaintiffs all items, statements, and forms LIBERTY MUTUAL reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055;

    b.  Failing to notify Plaintiffs in writing of its acceptance or rejecting of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or

    c.  Delaying payment of the Claim following LIBERTY MUTUAL's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

30.    Defendant LIBERTY MUTUAL is therefore liable to Plaintiffs for damages.  In addition to Plaintiffs' claim for damages, Plaintiffs are further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

**C.    Unfair Settlement Practices/Bad Faith (Against All Defendants)**

31.    Each of the foregoing paragraphs is incorporated by reference in the following.

32.    As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**Defendant LIBERTY MUTUAL**

33.    Defendant LIBERTY MUTUAL engaged in unfair settlement practices by:

    a.  misrepresenting to Plaintiffs a material fact or policy provision relating to the coverage at issue;

    b.  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after LIBERTY MUTUAL's liability had become reasonably clear;

    c.  failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    d.   failing within a reasonable time to affirm or deny coverage of a claim to Plaintiffs or submit a reservation of rights to Plaintiffs; and

    e.   refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

34.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant LIBERTY MUTUAL and was a producing cause of Plaintiffs' damages.  LIBERTY MUTUAL is therefore liable to Plaintiffs for engaging in such unfair settlement practices and causing Plaintiffs' damages.

**Defendant Bell**

35.     Defendant Bell was a contractor and/or adjuster assigned by Defendant LIBERTY MUTUAL to assist with adjusting the Claim.  Defendant Bell was charged with investigating the Claim and communicated with Plaintiff about the Policy terms.  Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et seq.*, and are individually liable for violations of the Texas Insurance Code.  *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

36.     Defendant Bell was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' Claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiffs' Property.

37.     Defendant Bell conducted a substandard, results-oriented inspection of the Subject Property.  As such, Bell failed to discover covered damages and/or fully quantify covered damages to Plaintiffs' Property, as required by the Policy and Texas law.

38.     Further, Defendant Bell misrepresented material facts to Plaintiffs, that is, the existence and true value of Plaintiffs' covered losses.  Additionally, Bell failed to provide Plaintiffs

with a reasonable explanation as to why LIBERTY MUTUAL was not compensating Plaintiffs for the covered losses, or the true value thereof.

39.   Thus, Defendant Bell engaged in unfair settlement practices by:

    a.   misrepresenting to Plaintiffs a material fact or Policy provision relating to the coverage at issue;

    b.   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after LIBERTY MUTUAL's liability had become reasonably clear;

    c.   failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for LIBERTY MUTUAL's denial of a claim or offer of a compromise settlement of a claim; and/or

    d.   failing to conduct a reasonable investigation of Plaintiffs' Claim.

40.   Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Bell and was a producing cause of Plaintiffs' damages.  Bell is therefore liable to Plaintiffs for engaging in such unfair settlement practices and causing Plaintiffs' damages.

**D.   DTPA (Against All Defendants)**

41.   Each of the foregoing paragraphs is incorporated by reference here fully.

42.   At all material times herein, Plaintiffs were "consumers" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

43.   Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

e.  Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

f.  Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have;

g.  Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiffs into a transaction Plaintiffs would not have entered into had the information been disclosed;

h.  Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapter 541 of the Insurance Code;

i.  Generally engaging in unconscionable courses of action while handling the claim; and/or

j.  Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

44.   As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiffs' damages.  Therefore, Defendants are liable to Plaintiffs for violations of the DTPA.

45.     Further, Defendants knowingly and/or intentionally committed the acts complained of herein.  As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**E.     Breach of Duty of Good Faith and Fair Dealing (Against Liberty Mutual Insurance Company)**

46.     Defendant LIBERTY MUTUAL breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when LIBERTY MUTUAL knew or should have known liability was reasonably clear.  LIBERTY MUTUAL's conduct proximately caused Plaintiffs' damages.

47.     Defendant LIBERTY MUTUAL is therefore liable to Plaintiffs.

**F.     Attorneys' Fees**

48.     Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

49.     Plaintiffs are entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

50.     Plaintiffs are additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

51.     Plaintiffs are additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## IX.
## CONDITIONS PRECEDENT

52.     All conditions precedent to Plaintiffs' right to recover have been fully performed, or have been waived by Defendants.

## X.
## JURY TRIAL DEMAND

53.     Plaintiffs demand a jury trial of this cause, and has or will tender the appropriate jury fee.

## XI.
## DISCOVERY REQUESTS

54.     Pursuant to Rule 194, all Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

55.     All Defendants are also requested to respond to the attached discovery requests within fifty (50) days in accordance to the instructions contained therein.

## XII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

56.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby gives notice of Plaintiffs' intent to use all discovery instruments produced in this case at trial.  Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Plaintiffs' written discovery requests.

## XIII.
## CONCLUSION & PRAYER

For these reasons, Plaintiffs pray that citations be issued and, upon final hearing of the case, Plaintiffs recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and Plaintiffs be awarded attorneys' fees through trial and appeal,

costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

Bryant Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

**ATTORNEYS FOR PLAINTIFFS**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION

PLAINTIFF in this case requests that Defendant(s) answer the following Interrogatories and Request for Production separately in writing under oath within 50 days of service and serve your answers to these Interrogatories and Request for Production and produce related documents on Plaintiff by and through her attorneys of record:

FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile  713.583.1492

The documents must be produced at the office of Fitts Law Firm, PLLC as they are kept in the usual course of business and organized and labeled to correspond with the numbers requests.

You are under a duty to amend your responses if you obtain information on the basis of which:

1) You know the response made was incorrect or incomplete when made; or
2) You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

Bryant Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla R. Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile  713.583.1492

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that, pursuant to the provisions of Texas Rule of Civil Procedure 21a, a true and correct copy of the foregoing document has been attached to the petition.

Bryant Fitts

## DEFINITIONS AND INSTRUCTIONS

1. In answering this discovery, please furnish all information available to you, including information in the possession of your agents, attorneys, investigators for your attorneys, and not merely known of your personal knowledge.

2. If you are unable to answer a particular question or request in full after exercising due diligence to obtain the information to do so, please state this and answer the question or request to the fullest extent possible, specifying and explaining your inability to answer the entire question or request and stating what information or knowledge you have concerning the answered portion.

3. In the event that you withhold information or documents or object to a request on the grounds of a privilege:
   a. Identify the title of the document and it's general subject matter;
   b. State the date of the document;
   c. Identify the persons who participated in its preparation;
   d. Identify the persons for whom it was prepared or to whom it was sent;
   e. State the nature of the privilege claims; and
   f. State in detail each and every fact upon which you base your claims for privilege.

4. "Documents" is to be interpreted broadly and includes any original, reproduction or copy of any kind, typed, recorded, graphic, printed, written or documentary, including without limitation, correspondence, memoranda, calendars, desk files, interoffice communications, notes, diaries, contracts, documents, drawings, plans, specifications, estimates, inventories, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, telegrams, notice of telephone conversations, sales receipts and notes of any and all communications and every other means of recording any tangible thing, any form of communication of representation, including letters, words, pictures, sounds or symbols, or combinations thereof in your possession, custody, or control. This term is intended to include information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats, such as computer drives, computer servers, and/or any other computer, electronic, or digital means. Such digital or electronic information, data, and items should be produced in their original, unaltered versions; however, this term also expressly seeks any corollary files generated pursuant to any alterations of the original versions and files that otherwise evidence the history, tracking, deletion, and/or other alteration of such information, data, and items (i.e., metadata). Information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats are requested to be produced via CD-ROM, DVD, or similar digital format and to include metadata.

5. "You," "Your," "Yours," "Defendants," and "Defendant" means and refers to all Defendants in this case, as well all other natural persons, businesses or legal entities acting or purporting to act for or on behalf of the person or entity to whom these requests are directed.

6. When asked to identify a person or state the identity of a person, or when an interrogatory refers to a person, please state
   a. His/her full name;
   b. Present or last known residence address;
   c. Present or last known business address; and,
   d. Present residence and/or business telephone number.

7. If you decide that one question constitutes more that one question and you plan to object on the basis of excessive interrogatories, you are instructed to skip that question and continue to answer the questions that you consider to be single questions.  By answering any numbered question, you are admitting that one number question is in fact one question and waive and objection based upon a limit of interrogatories.

8. "Plaintiff" and "Plaintiffs" refer to a single Plaintiff or multiple Plaintiffs, if applicable.

## FIRST SET OF INTERROGATORIES

**Interrogatory No. 1**.  State the name, address (both work and home), telephone number, driver's license number, social security number, and position or job title of all persons answering these interrogatories.

**Response:**

**Interrogatory No. 2**.  List the date(s) Defendant(s) requested that Plaintiff provide any of the named Defendants in this cause of action with information, which was required in order to properly evaluate Plaintiff's claim(s).

**Response:**

**Interrogatory No. 3**.  List the date(s) Defendant(s) received Plaintiff's claim(s) for coverage for property damages, the date(s) Defendant(s) first acknowledged Plaintiff's notice of claim(s), and in what form the notice of claim was submitted.

**Response:**

**Interrogatory No. 4**.  Do you contend that Plaintiff did not provide you and/or the adjuster or other third parties with all information you and/or the adjuster requested in order to properly evaluate Plaintiff's claim?  If so, please state what information was requested and not provided, and the dates of the requests.

**Response:**

**Interrogatory No. 5**.  State the basis, in fact and in the terms of the policy, for your denial or partial denial of any portion of Plaintiff's claim for coverage for hail damage to the Subject Property (or the adjuster's recommendation of denial).

**Response:**

**Interrogatory No. 6**.  State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries or made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) making the basis of this lawsuit including the name, address and telephone number of the identified person's supervisor.  For all such persons who are no longer employees, agents, or representatives of any defendant, please so indicate and provide the person's last known address and telephone number.

**Response:**

**Interrogatory No. 7**.  State the name, address, telephone number and job title or position of all persons and/or entities in Texas that have been approved to perform outside adjusting, accounting or engineering investigation and recommendations on Plaintiff's claims(s).

**Response:**

**Interrogatory No. 8**.  State the number of years in which any adjuster involved in the claim at issue has adjusted, investigated and/or recommended any compromise settlement and/or payment of policies held by the insurance company involved in this case.  Please also provide the date on which such adjuster was licensed as an adjuster in the State of Texas.

**Response:**

**Interrogatory No. 9**.  For each adjuster involved with the claim at issue, list any and all courses, seminars, education, training and/or experiences such person has attended or received concerning knowledge of Texas Insurance Code Chapter 541.  Formerly Art. 21.21, *et seq.*, and Texas Insurance Code Chapter 542, formerly Art5. 21.55. *et seq.* Please also provide the name, address and telephone number of the entity or individual that sponsored and/or provided the course, seminar, education, training or other experience.

**Response:**

**Interrogatory No. 10**.  State the legal theories, and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. § 541.060.

**Response:**

**Interrogatory No. 11**.  Identify every other insurance claim made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was denied in part or whole.  State the name, phone number and address of the insured.

**Response:**

**Interrogatory No. 12**.  For each investigation by a Texas governmental agency within the last four years into Defendant's(s') practices when handling first party claims for building damage, business personal property damage, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant(s) communicated for purposes of the investigation.

**Response:**

**Interrogatory No. 13**.  List any and all courses, seminars, education, training or reference materials persons involved in adjusting the claim at issue attended or received specific to handling and investigating building damage.

**Response:**

**Interrogatory No. 14**.  List any and all experience each person involved in adjusting the claim at issue has concerning handling or adjusting property damage claims.

**Response:**

**Interrogatory No. 15**.  State the current annual salary each person involved in adjusting the claim at issue earns from the adjustment of insurance claims.  Please state any bonus and/or profit-sharing proceeds received in the last five years and how those bonus and/or profit-sharing proceeds were calculated.

**Response:**

**Interrogatory No. 16**.  Please state whether Defendant(s) took, or are aware of the taking of a recorded statement and/or examination under oath of Plaintiff regarding the claim made the basis of this lawsuit.  If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement.  Please also state whether the statement was transcribed and where the statement is currently located and/or the last place Defendant(s) saw a transcription of same.

**Response:**

**Interrogatory No. 17**.  Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

**Response:**

**Interrogatory No. 18**.  State whether any person involved in adjusting the claim at issue requested or asked for assistance in handling and/or investigating Plaintiff's claim(s), and if so, identify to whom the request was made.

**Response:**

**Interrogatory No. 19**.  State the name, address, and telephone number of the office which each person involved in adjusting the claim at issue worked while handling Plaintiff's claim(s), and the name, address, and telephone number of each person's direct supervisor during that time.

**Response:**

**Interrogatory No. 20.**  If you received complaints from an insurance agent concerning the handling of any hail or windstorm claims made pertaining to the same date of loss as this case, identify such agent by name, address, and telephone number.

**Response:**

**Interrogatory No. 21.**  Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's claim.  This request is limited to persons who live within a 5-mile radius of Plaintiff's insured residence.

**Response:**

## FIRST SET OF REQUEST FOR PRODUCTION

**Request for Production No. 1.** A certified copy of the insurance policy issued by Defendant to Plaintiff.

**Response:**

**Request for Production No. 2.** The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

**Response:**

**Request for Production No. 3.** The claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "filed" files and notes, and drafts of documents contained in the file.

**Response:**

**Request for Production No. 4.** The electronic diary, including the electronic and paper notes made by Defendant's(s') claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff claims.

**Response:**

**Request for Production No. 5.** Your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of windstorm claims in Texas from the date of the loss at issue in this claim, and one year, and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

**Response:**

**Request for Production No. 6.** Your written procedures or policies (including document(s) maintained in electronic form) in place from the date of loss at issue in this claim, and back on year, and forward one year, that pertain to the handling of complaints made by windstorm policyholder in Texas. If the party answering this request is an independent adjusted, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with the respect to this claim.

**Response:**

**Request for Production No. 7.** The Operation Guides which relate to the handling of hail claims in Texas in effect from the date of loss at issue in this case, and back one and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

**Response:**

**Request for Production No. 8.** The adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**Response:**

**Request for Production No. 9.** Any engineering or other reports prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**Response:**

**Request for Production No. 10.** If you dispute that the cause of the loss was related solely to a storm during the policy period at issue, produce all reports in your possession regarding damage to any property within a one-mile radius of the Plaintiff's insured property, and produce any reports concerning hail such radius.

**Response:**

**Request for Production No. 11.** If you contend that the damages are caused by anything other than the event at issue in the underlying claim, produce all related claim files, reports, and photos in your possession

**Response:**


**Request for Production No. 12.** Any roofing repair reports prepared concerning the Insured Location.

**Response:**


**Request for Production No. 13.** The field notes, measurements and file maintained by the adjuster(s) and/or engineers who physically inspected the subject property.

**Response:**


**Request for Production No. 14.** The emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

**Response:**


**Request for Production No. 15**. The videotapes, photographs and records of Plaintiff or Plaintiff's home, regardless of whether you intend to offer these items into evidence at trial.

**Response:**


**Request for Production No. 16.** Defendant's(s') internal newsletter, bulletins, publications and memoranda relating to policies and procedures for handling Texas hail claims that were issues from one year prior to the date of loss at issue to one year after the date, including , but not limited to, memoranda issued to claims adjusters.

**Response:**


**Request for Production No. 17.** The price guidelines that pertain to the handling of claims arising out of hail storms. In the event you utilize published guidelines or "off the shelf" software, without medication, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

**Response:**

**Request for Production No. 18.** The Plaintiff's file from the office of their insurance agent.

**Response:**

**Request for Production No. 19.** The information regarding weather condition on which you relied in making decisions on the Plaintiff's claims.

**Response:**

**Request of Production No. 20.** The documents, manuals and training materials, including audio and/or video tapes used in training, overseeing or supervising your personnel employed in adjusting property claims in Texas and in effect from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 21.** The "Pay sheet," "Payment Log," or list of payments made on Plaintiff's claim. This includes all indemnity, claim expenses and third party payments.

**Response:**

**Request for Production No. 22.** The billing statements, including billing detail, of the independent adjusters and engineers retained to evaluate the subject property.

**Response:**

**Request for Production No. 23.** The documents reflecting reserves applied to the subject claim.

**Response:**

**Request for Production No. 24.** For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

**Response:**

**Request for Production No. 25.** The managerial bonus or incentive place for managers responsible for windstorm claims in effect for the time period one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 26.** The bonus or incentive plan for adjusters in effect for the time period one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 27.** The documents reflecting your criteria and procedures for the selection and retention of independent adjusters and engineers handling windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 28.** If a third party evaluated the subject property, provide the documents that show the number of other matters in which the same such person(s) were retained by you to evaluate other properties over the past five years.

**Response:**

**Request for Production No. 29.** The Complaint Log required to be kept by you for windstorm complaints in Texas filed over the past three years.

**Response:**

**Request for Production No. 30.** Your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 31.** The contract between the Defendant insurer and the Defendant third party adjusting company.

**Response:**

**Request for Production No. 32.** The correspondence between the Defendant insurer and the third party adjusters/adjusting firms, engineers and other estimators who work on the claim that pertain to the Claim at issue.

**Response:**

**Request for Production No. 33.** Produce the claim file for all property damage claims made by persons for the same date of loss as Plaintiff's claim. This request is limited to persons who love within a 5 mile radius of Plaintiff's insured residence.

**Response:**